UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SANTIAGO ALONSO VAZQUEZ, et al.,

                     Plaintiffs,                  **MEMORANDUM ORDER**

   - v -

                                                             CV-13-6085 (SLT)(VVP)

142 KNICKERBOCKER ENTERPRISES,
CORP., et al.,

                     Defendants.
------------------------------------------------------------x

      Bye letter dated June 30, 2014, [Dkt. Ent. 18], the plaintiffs have sought judicial intervention with respect to three discovery matters.  The defendants have responded by letter dated July 7, 2014 [Dkt. Ent. 19].  The court's rulings on the issues are as follows:

      *Payroll Records after November 1, 2013.*  The plaintiffs seek production of payroll records for periods of time after this lawsuit was filed.  The defendants have refused to provide such records on the grounds that they are irrelevant because they postdate the filing of the action.  As two of the plaintiffs continued to be employed by the defendants after the lawsuit was filed, however, such payroll records are relevant both because the plaintiffs would be permitted to recover for any post-filing violations of the applicable statutes and because they are proof concerning the defendants' payroll practices generally.  Accordingly, the defendants are directed to produce the requested documents for any periods of time during which any of the plaintiffs were employed.

      *Inspection of Original Payroll Records.*  The plaintiffs wish to inspect the original payroll records maintained by the defendants.  The defendants object on the grounds that the plaintiffs should have requested to inspect the records when they made a physical inspection of the defendants' premises.  The objection has no merit.  The original payroll records are to be made available for inspection and copying by the plaintiffs' counsel either in advance of the depositions of the defendants, or at the defendants' depositions, at the election of the plaintiffs' counsel.

      *Depositions of Moshe Azoulay and Wow Car Wash.*  It appears as though there is no dispute concerning the dates of these depositions, or the dates of the depositions of the

plantiffs.  Nevertheless, by the close of business on Monday, July 21, 2014, counsel shall confer orally in person or by telephone, not by email, and clarify when the various witnesses will be appearing for their depositions.  Counsel shall jointly file a letter setting forth their agreed upon schedule for the depositions of all parties by July 22, 2014.

      **SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:    Brooklyn, New York
            July 15, 2014