UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SANTIAGO ALONSO VAZQUEZ, SALVADOR
SANTIAGO BACILIO, TELESFORO TORRES,
and JOSE GONZALEZ,

                      Plaintiffs,                       **ORDER**
                                                    13-cv-06085 (LDH) (PK)

        -against-

142 KNICKERBOCKER ENTERPRISE, CORP.,
GEORGE AUTO SPA, CORP., MOSHE
AZOULAY, and MOCHA MANAGEMENT, LLC,

                      Defendants.
---------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

        Plaintiffs Santiago Alonso Vazquez, Salvador Santiago Bacilio, Telesforo Torres, and Jose Gonzalez, bring this action against Defendants 142 Knickerbocker Enterprise, Corp., George Auto Spa, Corp., Moshe Azoulay, and Mocha Management, LLC, alleging violations of the Fair Labor Standards Act (the "FLSA") and New York state law. Specifically, Plaintiffs bring the following claims: (1) failure to pay minimum wage in violation of the FLSA and New York State Labor Law (the "NYLL"), (2) failure to pay overtime in violation of the FLSA and the NYLL, (3) failure to pay spread of hours in violation of the NYLL, (4) tip misappropriation in violation of the NYLL, (5) failure to abide by notice and record-keeping requirements in violation of the NYLL, (6) failure to pay agreed upon wages for the work performed in violation of the NYLL, and (7) retaliation in violation of the NYLL and FLSA.

        Plaintiffs move, pursuant to Federal Rule of Civil Procedure 56, for summary judgment on their claims for Defendant Azoulay's failure to pay spread of hours in violation of the NYLL, failure to abide by notice and record-keeping requirements in violation of the NYLL, and retaliatory conduct in violation of the NYLL as well as the FLSA. For the reasons stated on the

1

record at the March 13, 2018 oral argument and as set out in summary below, Plaintiffs' motion for partial summary judgment is GRANTED, in part, and DENIED, in part.

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The movants bear the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330–31 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Where the non-movant bears the burden of proof at trial, the movants' initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim. *Celotex Corp.*, 477 U.S. at 325.

Once the movants meet their initial burden, the non-movant may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court is to believe the evidence of the non-movant and draw all justifiable inferences in his favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts. *Castro v. Cty. of Nassau*, 739 F. Supp. 2d 153, 165 (E.D.N.Y. 2010) (citing *Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996)).

## DISCUSSION

I. <u>Defendant Azoulay failed to pay spread of hours in violation of the NYLL</u>.

Plaintiffs contend that because Defendant Azoulay "admitted not only that Plaintiffs regularly worked shifts greater than ten hours, but also that he never paid Plaintiffs the spread hours bonus mandated by the NYLL," they are entitled to summary judgment for their NYLL spread of hours pay claim. (Pls.' Br. at 6, ECF No. 98-3.) The Court agrees. Pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4, "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur." Defendant Azoulay, in oral argument and in his deposition, admitted that workers had shifts that exceeded ten hours per day. (Pls.' Br. Ex. G - Azoulay Dep. at 252:24–253:9, ECF No. 98-29.) Further, Defendant Azoulay, in oral argument and in his deposition, admitted that he did not compensate his employees with spread of hours pay. (*Id.*) Given that there is no genuine dispute that Defendant Azoulay failed to pay spread hours, Plaintiffs are entitled to judgment as a matter of law. The Court reserves decision on damages.

II. <u>Defendant Azoulay failed to abide by the NYLL's notice and record-keeping requirements</u>.

Plaintiffs also contend there is no genuine issue of material fact that Defendant Azoulay violated NYLL Section 195 by failing to provide: (1) Plaintiff Gonzalez with proper notice of his wages at the time of hiring and (2) all Plaintiffs with proper wage statements for each payment. (Pls.' Br. at 11–12.) The Court agrees. Under NYLL 195(1)(a), an employer must, at the time of an employee's hiring, provide an employee with a wage notice containing, *inter alia*, the rate of pay and allowances, including tip allowances that are claimed as part of the minimum wage. Further, under NYLL 195(3), an employer must, with each payment of wages, provide an

employee with a wage notice containing, *inter alia*, the rate of pay, gross wages, deductions, allowances claimed as part of the minimum wage, and net wages. The notices at issue do not include the information required by law. As such, Defendant Azoulay is liable to Plaintiff Gonzalez for failure to furnish the proper notice at the time of hiring. And, Defendant Azoulay is liable to all Plaintiffs for failure to furnish them with compliant wage notice statements. The Court reserves decision on damages.

III. <u>There are genuine issues of material fact as to Plaintiffs' NYLL and FLSA retaliation claims</u>.

Finally, Plaintiffs contend there is no genuine issue of material fact that Defendant Azoulay's actions constitute retaliation under the FLSA and NYLL. The Court disagrees. In order to establish a prima facie case of retaliation under the FLSA, a plaintiff must show: "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010). Once a plaintiff makes out a prima facie case, "the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the employment action"; if the defendant does so, the plaintiff must produce "sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the defendant were false, and that more likely than not discrimination was the real reason for the employment action." *Id.* at 53–54. Courts apply the same framework to retaliation claims brought pursuant to the NYLL. *See Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 302 (S.D.N.Y. 2011) (applying same test to NYLL retaliation claim).

While Plaintiffs have proven that they were participating in a protected activity, it is disputed whether Defendant Azoulay took an adverse employment action as to all Plaintiffs. As

4

discussed at oral argument, all Plaintiffs bring this claim, but they have only adduced evidence that Defendant Azoulay reported one individual to the authorities. Further, even if Plaintiffs had established a prima facie case as a matter of law, they have not adduced sufficient facts for the Court to determine that Defendant Azoulay's proffered explanation is pretextual. While the time between the protected act and the purported adverse employment action may be sufficient to establish an inference of causal connection at the prima facie stage, *see Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 474 (S.D.N.Y. 2008) ("Causation can be inferred here because the 28 days between the protected activity and an adverse employment action is 'very close.'"), it is insufficient to establish that Defendant Azoulay's proffered reason is pretextual, *see El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010) (noting that without more, "temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext"). As such, Plaintiffs' motion, with respect to the FLSA and NYLL retaliation claims, is denied.

## CONCLUSION

Based on the foregoing and reasons stated on the record, Plaintiffs' motion for partial summary judgment is GRANTED, in part, and DENIED, in part. Plaintiffs' motion is granted as to their claims for Defendant Azoulay's failure to pay spread of hours and abide by the notice and record-keeping requirements under the NYLL. The Court reserves decision on damages. Plaintiffs' motion is denied as to their retaliation claims under both the NYLL and FLSA.

Dated: Brooklyn, New York
March 20, 2018

SO ORDERED:

_____/LDH_____
LaSHANN DeARCY HALL
United States District Judge