UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SANTIAGO ALONSO VAZQUEZ, SALVADOR
SANTIAGO BACILIO, TELESFORO TORRES, and
JOSE GONZALEZ,

                            Plaintiffs,

                 v.

142 KNICKERBOCKER ENTERPRISE, CORP.,
d/b/a WOW CAR WASH, GEORGE AUTO SPA,
CORP., MOCHA MANAGEMENT, LLC, and
MOSHE AZOULAY,

                            Defendants.

**MEMORANDUM AND ORDER**
13-CV-06085 (LDH) (PK)

LaSHANN DeARCY HALL, United States District Judge:

      Plaintiffs Santiago Alonso Vazquez, Salvador Santiago Bacilio, Telesforo Torres, and Jose Gonzalez bring this action against Defendants 142 Knickerbocker Enterprise, Corp., doing business as Wow Car Wash; George Auto Spa, Corp.; Mocha Management, LLC; and Moshe Azoulay alleging violations of the Fair Labor Standards Act (the "FLSA") and New York State Labor Law (the "NYLL").  Specifically, Plaintiffs allege that Defendants failed to pay minimum wage, failed to pay overtime, and retaliated against them in violation of the FLSA and the NYLL.  Plaintiffs further allege that Defendants failed to pay spread of hours and agreed-upon wages for work performed, misappropriated tips, and failed to abide by notice and recordkeeping requirements.

      On November 12, 2015, Plaintiffs moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment on their spread-of-hours, notice-and-recordkeeping, and retaliation claims.  On March 20, 2018, the Court denied in part and granted in part Plaintiffs' motion.  (Order, ECF No. 102.)  The motion was denied with respect to Plaintiffs' retaliation claims.  The motion was granted as to their claims for failure to pay spread

of hours and abide by the notice and recordkeeping requirements of the NYLL. The Court reserved its decision on damages. On April 2, 2018, Plaintiffs moved for clarification or reconsideration of the Court's order as to damages. (ECF No. 104.) Because the Court made no ruling as to damages in its March 20, 2018 order, the Court construes Plaintiffs' request as one for clarification.

The Court assumes the parties' familiarity with the facts of this case, which are set forth in the Court's March 20, 2018 memorandum and order.

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the [movants are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving part[ies]." *Anderson*, 477 U.S. at 248. The movants bear the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330–31 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Where the non-movants bear the burden of proof at trial, the movants' initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movants' claim. *Celotex Corp.*, 477 U.S. at 325. Once the movants meet their initial burden, the non-movants may defeat summary judgment only by adducing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court is to believe the evidence of the non-movants and draw all justifiable inferences in their favor, *Anderson*, 477 U.S. at 255, but the non-movants must still do

more than merely assert conclusions that are unsupported by arguments or facts, *Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

## DISCUSSION

### I. Determination of Damages

#### A. Spread-of-Hours Damages

Under the NYLL, Plaintiffs are entitled to "receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required . . . for any day in which . . . the spread of hours exceeds 10 hours." N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.4. In its March 20, 2018 order, the Court held that Defendant Azoulay failed to pay spread-of-hours wages to which Plaintiffs were entitled. The Court reserved its ruling on damages.

The United States Supreme Court has held that "an employee has carried out his burden [of proof] if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946). Courts in this district have also held that a plaintiff may, as a matter of law, satisfy this burden by "relying on recollection alone." *Santillan v. Henao*, 822 F. Supp. 2d 284, 294 (E.D.N.Y. 2011) (internal citations omitted). This Court finds no reason to bar Plaintiffs from relying on their respective recollections in order to measure spread-of-hours damages where Defendants lack records.[1]

---

[1] Of significance here, Defendants have failed to comply with their obligations under Rule 56.1 and this Court's Individual Practices. Although Defendant Azoulay submitted an affidavit in response to Plaintiffs' Rule 56.1 statement, the affidavit does not adequately controvert Plaintiffs' statements of material fact. (*See generally* ECF No. 94 ("Def.'s 56.1 Opp.")) Defendant Azoulay's affidavit does not dispute each of Plaintiffs' facts in correspondingly numbered paragraphs, instead combining multiple responses together. Nowhere in his affidavit does Defendant Azoulay specifically contest the number of spread-of-hours shifts Plaintiffs worked with specific and relevant citations to the record. (*Compare* Pls.' Statement Pursuant Local R. 56.1 Supp. Mot. Partial Summ. J. ("Pls.' 56.1") ¶¶ 14–20, ECF No. 98-5, *with* Def.'s 56.1 Opp. 3.) As such, Plaintiffs' statements may be deemed admitted for the purposes of the Court's damages calculation. *See Giannullo v. City of New York*, 322 F.3d 139, 140

3

The total number of spread-of-hours shifts each Plaintiff worked is determined with reference to Plaintiffs' records and recollections, as well as Defendants' records, where available. Plaintiffs filed a chart setting forth the sources and calculations described below. (ECF No. 104-2.)

Plaintiff Vazquez worked at Wow Car Wash from November 1, 2007, until April 2014. (Pls.' Statement Pursuant Local R. 56.1 Supp. Mot. Partial Summ. J. ("Pls.' 56.1") ¶ 3, ECF No. 98-5.) Vazquez recalls that, through 2009, he worked an average of approximately 3.1 spread-of-hours shifts per week. (*Id.* ¶ 33.) Multiplying this average by the 90 weeks between November 1, 2007, and July 23, 2009, yields 279 spread-of-hours shifts entitled to the prevailing minimum wage of $7.15—resulting in a subtotal of $1,994.85. (*See* Decl. Alice Davis Supp. Pls.' Mot. Partial Summ. J. ("Davis Decl.") ¶ 40, ECF. No 98-4.) Multiplying 3.1 spread-of-hours shifts per week by the 23 weeks between July 24, 2009, and December 31, 2009, yields 71.3 spread-of-hours shifts entitled to the prevailing minimum wage of $7.25—resulting in a subtotal of $516.93. (*See id.*) Vazquez's records indicate that, between January 1, 2010, and April 13, 2012, he worked 371 spread-of-hours shifts entitled to the prevailing minimum wage of $7.25—resulting in a subtotal of $2,689.75. (*See id.* ¶ 39.) Defendants lack records of Vazquez's work before April 14, 2012. (Pls' 56.1 ¶ 13.) Defendants' records indicate that between April 14, 2012, and December 30, 2013, Vazquez worked 174 spread-of-hours shifts at the prevailing minimum wage of $7.25 per hour. (*See* Davis Decl. ¶ 38.) This results in a subtotal of $1,261.50. Finally, Defendants' records indicate that between December 31, 2013, and April 11, 2014, Vazquez worked 24 spread-of-hours shifts entitled to the prevailing

---

(2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").

minimum wage of $8.00 per hour. (*Id.*) This results in a subtotal of $192.00. Adding these subtotals together, Vazquez is entitled to $6,655.03 in total spread-of-hours wages. (*See id.* ¶¶ 38–40.)

Plaintiff Bacilio worked at Wow Car Wash from November 1, 2007, until August 2012. (Pls' 56.1 ¶ 4.) Defendants' records indicate that, during this period, Bacilio worked an average of approximately 1.2 spread-of-hours shifts per week. (Davis Decl. ¶ 44.) Multiplying this average by the 90 weeks between November 1, 2007, and July 23, 2009, results in 108 spread-of-hours shifts entitled to the prevailing minimum wage of $7.15—resulting in a subtotal of $772.20. (*See id.*) Multiplying 1.2 spread-of-hours shifts per week by the 142 weeks between July 24, 2009, and April 13, 2012, yields 170.4 spread-of-hours shifts entitled to the prevailing minimum wage of $7.25—resulting in a subtotal of $1,235.40. (*See id.*) Defendants lack records of Bacilio's work prior to April 14, 2012. (Pls' 56.1 ¶ 13.) Defendants' records indicate that, between April 14 and August 26, 2012, Bacilio worked 22 spread-of-hours shifts. (Davis Decl. ¶ 43.) At the prevailing minimum wage of $7.25, this results in a subtotal $159.50. (*Id.*) Adding these subtotals together, Bacilio is entitled to $2,167.10 in total spread-of-hours wages. (*See id.* ¶¶ 43–44.)

Plaintiff Torres worked at Wow Car Wash from November 1, 2007, until December 2012, and then again from April 22, 2013, until October 2014. (Pls.' 56.1 ¶ 5.) Torres recalls that, prior to April 14, 2012, he worked an average of 2.5 spread-of-hours shifts per week. (Davis Decl. ¶ 49.) Multiplying this average by the 90 weeks between November 1, 2007, and July 23, 2009, yields 225 spread-of-hours shifts entitled to the prevailing minimum wage of $7.15—resulting in a subtotal of $1,608.75. (*See id.*) Multiplying 2.5 spread-of-hours shifts per week by the 142 weeks between July 24, 2009, and April 13, 2012, yields 355 spread-of-hours

5

shifts at the prevailing minimum wage of $7.25 an hour—resulting in a subtotal of $2,573.75. (*See id.*)  Defendants lack records of Torres's work prior to April 14, 2012.  (Pls' 56.1 ¶ 13.) Defendants' records indicate that, between April 14, 2012, and December 30, 2013, Torres worked a total of 51 spread-of-hours shifts at the prevailing minimum wage of $7.25 per hour—resulting in a subtotal of $369.75.  (Davis Decl. ¶¶ 47–48.)  Defendants' records further indicate that, between December 31, 2013, and July 25, 2014, Torres worked 12 spread-of-hours shifts at the prevailing minimum wage of $8.00—resulting in a subtotal of $96.00.  (*See id.* ¶ 48.) Adding these subtotals together, Torres is entitled to $4,648.25 in total spread-of-hours wages. (*See id.* ¶¶ 47–49.)

Finally, Plaintiff Gonzalez's total number of spread-of-hours shifts is determined solely with reference to Defendants' records.  (Pls.' 56.1 ¶¶ 39–40.)  They indicate that between February 25, 2013, and July 6, 2013, Gonzalez worked 55 spread-of-hours shifts entitled to the prevailing minimum wage of $7.25—resulting in $398.75 in total spread-of-hours wages.  (*See* Davis Decl. ¶ 52.)

### B. Notice and Recordkeeping Statutory Damages

NYLL § 198(1)(1-b) provides that, if an employer violates the hiring notice provision, the employee must be paid "damages of fifty dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of two thousand five hundred dollars." Defendant Azoulay is liable only to Plaintiff Gonzalez, because only Gonzalez was hired after § 198(1)(1-b) took effect in 2011.[2]  Gonzalez was employed from February 13 until July 8, 2013, or about 21 weeks.  (Pls.' 56.1 ¶ 6; Defs.' Interrog. Resp. No. 4, ECF No. 98-15.)

---

[2] Plaintiffs Vazquez, Bacilio, and Torres each began to work for Defendant Azoulay in 2007.  (Pls.' 56.1 ¶¶ 3–7.)

Accordingly, Gonzalez is entitled to $1,050.00 in statutory damages for Defendants' failure to provide him with lawful notice upon hiring.

NYLL § 198(1)(1-d) further indicates that if an employer fails to provide employees with weekly wage notices, the employer must pay "damages of one hundred dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars." Accordingly, Plaintiff Gonzalez is entitled to $2,100 in damages for his 21 weeks of work. Plaintiffs Vazquez, Bacilio, and Torres, having each worked for five or more years, are each entitled to the statutory maximum of $2,500.00. (*See* Pls.' 56.1 ¶¶ 3–5.)

### C. Liquidated Damages

NYLL § 198(1)(1-a) entitles plaintiffs to recover liquidated damages equal to a percentage of wages due. An employer may avoid liability by "prov[ing] a good faith basis for believing that its underpayment of wages was in compliance with the law." N.Y. Lab. Law § 198(1)(1-a). As Plaintiffs correctly argue, the fact that Defendant Azoulay may have been "unaware of his legal obligations" is insufficient to establish a good-faith defense under the law. (Pls.' Resp. Mem. Supp. Mot. Recons. 5, ECF No. 115.) "[A] showing of good faith 'requires more than ignorance of the prevailing law or uncertainty about its development.'" *Garcia v. JonJon Deli Grocery Corp.*, No. 13-CV-8835, 2015 WL 4940107, at *6 (S.D.N.Y. Aug. 11, 2015) (quoting *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997)). Azoulay has simply not established that he was acting in good faith when he failed to compensate his employees with spread-of-hours pay, so he is liable for liquidated damages. Liquidated damages are calculated as 25% of unpaid wages due before April 9, 2011, and 100% of unpaid wages due thereafter. *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 143 (2d Cir. 2013).

Between November 1, 2007, and April 8, 2011, Plaintiff Vazquez worked 279 spread-of-hours shifts at $7.15 per hour and 312.3 spread-of-hours shifts at $7.25 per hour, resulting in $4,259.03 of spread-of-hours wages and, at 25%, $1,064.75 in liquidated damages. (Davis Decl. ¶ 41.) From April 9, 2011, to April 11, 2014, Plaintiff Vazquez worked 304 spread-of-hours shifts at $7.25 per hour and 24 spread-of-hours shifts at $8.00 per hour, subtotaling $2,396.00 in liquidated damages, which are calculated at 100% for this period. (*Id.*) Vazquez is thus entitled to $3,460.75 in total liquidated damages.

Between November 1, 2007, and April 8, 2011, Plaintiff Bacilio worked 108 spread-of-hours shifts at $7.15 per hour and 106.8 spread-of-hours shifts at $7.25 per hour. This results in $1,546.50 spread-of-hours wages and, at 25%, $386.62 in liquidated damages. (*Id.* ¶ 45.) Between November 9, 2011, and April 13, 2012, Bacilio worked 85.6 spread-of-hours shifts at $7.25 per hour. This results in $620.60 in spread-of-hours wages and, at 100%, $620.60 in liquidated damages. (*Id.*) Bacilio is thus entitled to $1,007.22 in total liquidated damages.

Between November 1, 2007, and April 8, 2011, Plaintiff Torres worked 225 spread-of-hours shifts at $7.15 per hour and 222.5 spread-of-hours shifts at $7.25 per hour. (*Id.* ¶ 50.) This results in $3,221.87 in spread-of-hours wages and, at 25%, $805.46 in liquidated damages. (*Id.*) Between April 9, 2011, and July 25, 2014, Torres worked 183.50 spread-of-hours shifts at $7.25 per hour, and 12 shifts at $8.00 per hour. (*Id.*) This results in $1,426.37 in spread-of-hours wages and, at 100%, $1,426.37 in liquidated damages. (*Id.*) Torres is thus entitled to a total of $2,231.83 in total liquidated damages.

Finally, between February 15 and July 6, 2013, Plaintiff Gonzalez worked 55 spread-of-hours shifts at $7.25 per hour. This totals $398.75 in spread-of-hours wages and, at 100%, Gonzalez is thus entitled to $398.75 in liquidated damages. (*Id.* ¶ 53.)

**D.     Prejudgment Interest**

Under NYLL, Plaintiffs can recover both liquidated damages and prejudgment interest "because liquidated damages under the Labor Law and prejudgment interest serve fundamentally different purposes." *Reilly v. Natwest Mkts. Grp., Inc.*, 181 F.3d 253, 265 (2d Cir. 1999). Plaintiffs are entitled to prejudgment interest only "for that portion of unpaid wages for which [they are] being compensated under state law." *Callier v. Superior Bldg. Servs., Inc.*, No. 09-CV-4590, 2010 WL 5625906, at *4 (E.D.N.Y. Dec. 22, 2010) (citation omitted), *R. & R. adopted*, 2011 WL 222458 (E.D.N.Y. Jan. 21, 2011) . The statutory interest rate pursuant to CPLR § 5004 is 9% per year.  CPLR § 5001(b) sets forth two acceptable methods of calculating prejudgment interest.  Interest may be calculated from "the earliest ascertainable date the cause of action existed."  However, "[w]here . . . damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Vilchis v. Seoul Sisters, Inc.*, No. 15-CV-6339, 2016 WL 6106478, at *8 (E.D.N.Y. Sept. 15, 2016), *R. & R. adopted*, 2016 WL 6102342 (Oct. 18, 2016). Courts commonly look to the median date between the "earliest ascertainable date the cause of action existed and the date the action was filed." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 93 (E.D.N.Y. 2012).  Accordingly, the Court shall compute prejudgment interest beginning from points midway between Plaintiffs' respective start dates and the filing of this action, on November 1, 2013.

Plaintiffs Vazquez, Bacilio, and Torres each began working on November 1, 2007, so their midpoints fall on November 1, 2010.  Vazquez's $6,655.03 total spread-of-hours wages, multiplied by a 9% annual interest rate, and divided by 365 days per year results in prejudgment interest of $1.64 per day from November 1, 2010, until the entry of judgment.  Applying the

9

same calculation, Bacilio's $2,167.10 total spread-of-hours wages yield $0.53 and Torres's $4,648.25 total spread-of-hours damages yield $1.15 in daily prejudgment interest from November 1, 2010.

Plaintiff Gonzalez began his job in February 2013, so his midpoint shall be deemed to be June 15, 2013. Gonzalez's $398.75 spread-of-hours wages yield $0.10 in daily prejudgment interest from June 15, 2013.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for clarification is GRANTED.

The Court awards Plaintiff Vazquez $6,655.03 in spread-of-hours wages, $2,500.00 in statutory damages, and $3,460.75 in total liquidated damages, plus prejudgment interest of $1.64 per day from November 1, 2010, until the entry of judgment.

The Court awards Plaintiff Bacilio $2,167.10 in spread-of-hours wages, $2,500 in statutory damages, and $1,007.22 in liquidated damages, plus prejudgment interest of $0.53 per day from November 1, 2010, until the entry of judgment.

The Court awards Plaintiff Torres $4,648.25 in spread-of-hours wages, $2,500.00 in statutory damages, and $2,231.83 in liquidated damages, plus prejudgment interest of $1.15 per day from November 1, 2010, until the entry of judgment.

The Court awards Plaintiff Gonzalez $398.75 in spread-of-hours wages, $3,150.00 in statutory damages, and $398.75 in liquidated damages, plus prejudgment interest of $0.10 per day from June 15, 2013, until the entry of judgment.

SO ORDERED.

Dated:  Brooklyn, New York  
   March 26, 2019

s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge