```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

SANTIAGO ALONSO VAZQUEZ, SALVADOR
SANTIAGO BACILIO, TELESFORO TORRES,
and JOSE GONZALEZ,                                    MEMORANDUM & ORDER
                                                      13-CV-6085(EK)(PK)
                Plaintiffs,

        -against-

142 KNICKERBOCKER ENTERPRISE, CORP.;
GEORGE AUTO SPA, CORP.; MOSHE
AZOULAY; and MOCHA MANAGEMENT, LLC,

                Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiffs Santiago Alonso Vazquez, Salvador Santiago Bacilio, Telesforo Torres, and Jose Gonzalez filed this lawsuit in 2013 against Defendant Moshe Azoulay and three corporate defendants, alleging violations of the Fair Labor Standards Act (FLSA) and the New York Labor Law.  The case previously was assigned to Judge LaShann DeArcy Hall, who granted partial summary judgment to Plaintiffs on March 20, 2018.  Order Granting Partial Summary Judgment ("Summ. J. Order"), ECF No. 102.

Subsequently, on March 27, 2019, Judge DeArcy Hall issued a second order that computed Plaintiffs' damages for their successful claims.  Order Computing Damages ("Damages Order"), ECF No. 118.  She also directed the Clerk of Court to

enter a partial final judgment against Azoulay, pursuant to Federal Rule of Civil Procedure 54(b) and "consistent with the Court's March 27, 2019 memorandum and order."  Order dated May 30, 2019.  The Clerk entered that partial judgment on June 12, 2019, Clerk's Judgment, ECF No. 128, and the Second Circuit later affirmed it on appeal.  *Alonso Vazquez v. Azoulay*, 834 F. App'x 653 (2d Cir. 2021).

This case was reassigned to me on May 7, 2020.  A bench trial on the remaining claims is scheduled to commence shortly, with Azoulay now proceeding *pro se*.  Before the Court now is Plaintiffs' "motion to designate certain issues conclusive."  Mem. of Law in Supp. of Pls.' Mot. to Designate Certain Issues Conclusive ("Pls. Mem."), ECF No. 176.  Based on Judge DeArcy Hall's two orders, and for the additional reasons set forth below, Plaintiffs' motion is granted in part.

## I.  Law of the Case

Because Plaintiffs seek to ascribe preclusive effect to decisions made at an earlier stage of this case, the law-of-the-case doctrine is implicated.  The Second Circuit has described this doctrine as having two "branches."  "Under the first branch of the doctrine, the trial court is barred from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals."  *United States v. Uccio*, 940 F.2d 753, 757 (2d Cir. 1991).  This branch sets forth a

mandatory rule: "When an appellate court has once decided an issue, the trial court, at a later stage in the litigation, is under a duty to follow the appellate court's ruling on that issue." *Id.*; *see also Prisco v. A & D Carting Corp.*, 168 F.3d 593, 607 n.10 (2d Cir. 1999) ("The 'first branch' of the doctrine requires a trial court to follow an appellate court's previous ruling on an issue in the same case.").

On the other hand, "[t]he second branch of the law of the case doctrine is implicated when a court reconsiders its own ruling in the absence of an intervening ruling of a higher court. It holds that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *Prisco*, 168 F.3d at 607. But the second branch "is not absolute." *Id.*; *see also In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991) ("This doctrine is a discretionary rule of practice and generally does not limit a court's power to reconsider an issue."). On the contrary, this branch

> is informed principally by the concern that disregard of an earlier ruling not be allowed to prejudice the party seeking the benefit of the doctrine. Prejudice in this context does not mean harm resulting from the failure to adhere to the prior decision, but instead refers to a lack of sufficient opportunity to prepare armed with the knowledge that the prior ruling is not deemed controlling.

*Prisco*, 168 F.3d at 607.

3

Given the Second Circuit's affirmance of the partial summary judgment, the first branch of the doctrine applies here.

In her order calculating damages, Judge DeArcy Hall made the following findings of fact as each Plaintiff's periods of employment:

- "Plaintiff Vazquez worked at Wow Car Wash from November 1, 2007, until April 2014."  Damages Order 4.

- "Plaintiff Bacilio worked at Wow Car Wash from November 1, 2007, until August 2012."  *Id.* at 5.

- "Plaintiff Torres worked at Wow Car Wash from November 1, 2007, until December 2012, and then again from April 22, 2013, until October 2014."  *Id.*

- "[B]etween February 25, 2013, and July 6, 2013, Gonzalez worked 55 spread-of-hours shifts . . . ."  *Id.* at 6.

The Second Circuit affirmed these findings when it affirmed the partial summary judgment order, including the amount of damages.  *See Alonso Vazquez*, 834 F. App'x at 654 (holding that "[t]he District Court correctly ruled that there was no genuine dispute as to whether Azoulay was liable for spread-of-hours wages" and affirming the damages award).  This Court is therefore "barred from reconsidering or modifying" these findings.  *Uccio*, 940 F.2d at 757.

Additionally, in her order granting partial summary judgment, Judge DeArcy Hall found Azoulay liable for three types of claims.  On the spread-of-hours claim under N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4, she wrote:

4

> Plaintiffs contend that because Defendant Azoulay "admitted not only that Plaintiffs regularly worked shifts greater than ten hours, but also that he never paid Plaintiffs the spread hours bonus mandated by the NYLL," they are entitled to summary judgment for their NYLL spread of hours pay claim. The Court agrees. . . . Given that there is no genuine dispute that Defendant Azoulay failed to pay spread [of] hours, Plaintiffs are entitled to judgment as a matter of law.

Summ. J. Order 3. As to the wage-notice claim under N.Y. Labor Law § 198(1)(1-d) and the hiring-notice claim under N.Y. Labor Law § 198(1)(1-b), she held as follows:

> Plaintiffs also contend there is no genuine issue of material fact that Defendant Azoulay violated NYLL Section 195 by failing to provide: (1) Plaintiff Gonzalez with proper notice of his wages at the time of hiring and (2) all Plaintiffs with proper wage statements for each payment. The Court agrees. . . . As such, Defendant Azoulay is liable to Plaintiff Gonzalez for failure to furnish the proper notice at the time of hiring. And, Defendant Azoulay is liable to all Plaintiffs for failure to furnish them with compliant wage notice statements.

Summ. J. Order 3. The Second Circuit affirmed these findings, as well, in its summary order. *See Alonso Vazquez*, 834 F. App'x at 654 ("The District Court correctly ruled that there was no genuine dispute as to whether Azoulay was liable for spread-of-hours wages."); *id.* ("The documents Azoulay provided plaintiffs do not contain all the information required by NYLL § 195(1)(a) or (3)."). Accordingly, these findings will not be revisited. *See Uccio*, 940 F.2d at 757.

5

## II. Conclusion

For these reasons, the Court grants the motion in part, as set forth above. The Court denies the remainder of the motion without prejudice to renewal after trial should Plaintiffs continue to seek to rely on the findings identified.

SO ORDERED.

                                         /s/ Eric Komitee  
                                        ERIC KOMITEE  
                                        United States District Judge

Dated:    October 27, 2022  
            Brooklyn, New York