```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

  SANTIAGO ALONSO VAZQUEZ, SALVADOR
  SANTIAGO BACILIO, TELESFORO TORRES,
  and JOSE GONZALEZ,                          MEMORANDUM & ORDER
                                              13-CV-6085(EK)(PK)
                  Plaintiffs,


            -against-


  142 KNICKERBOCKER ENTERPRISES,
  CORP., d/b/a WOW CAR WASH; GEORGE
  AUTO SPA, CORP.; MOCHA MANAGEMENT,
  LLC; and MOSHE AZOULAY,

                  Defendants.

-----------------------------------x
```

ERIC KOMITEE, United States District Judge:

        The Court has received Magistrate Judge Kuo's Report and Recommendation (R&R) dated May 8, 2024.  ECF No. 224.  Judge Kuo recommends that plaintiffs' motion for attorney's fees and costs be granted, and that defendant Azoulay be ordered to pay a total of $48,384.75 in attorney's fees and $12,724.28 in costs.[1]  *Id.*  Defendant Azoulay timely objected,[2] ECF No. 226, and Plaintiffs responded, ECF No. 230.

        A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] Certificates of default have been entered against the corporate defendants, who cannot appear except through licensed counsel.  ECF No. 138.

[2] Azoulay also filed additional untimely letters that generally reiterated the same arguments made in ECF No. 226.  *See, e.g.*, Letter, ECF No. 238; Letter, ECF No. 239.

magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court reviews *de novo* those portions of an R&R to which a party has specifically objected. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).[3]

Having conducted a de novo review of the R&R, I find no error and adopt it in its entirety.

## I. Discussion

Azoulay raises three objections to the R&R. None are availing.

First, Azoulay argues that since the damages award rested on the New York Labor Law (NYLL), not the Fair Labor Standards Act (FLSA), plaintiffs did not achieve a degree of success that could support the attorney fees recommended by Magistrate Judge Kuo. Def.'s Obj. 2, ECF No. 226; *see also* Letter 2, ECF No. 227 (same); Def.'s Reply 2-3, ECF No. 232 (same). Contrary to Azoulay's suggestion, plaintiffs brought ten causes of action and succeeded on all claims except one, for

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

2

nonpayment of pre-shift off-the-clock work.  They were awarded nearly the entire amount of relief sought.  *See* Am. Compl. ECF No. 73; Findings of Fact & Conclusions of Law, ECF No. 219; Mot. for Fees 5-6, ECF No. 222-6, R&R at 2, ECF No. 224.  Plaintiffs were clearly the prevailing party; that the Court awarded damages only under the NYLL did not impact the degree of plaintiffs' success.  *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020).  Several of plaintiffs' claims relied only on the NYLL.  *See* Mem. & Order, ECF No. 102; Am. Compl. ¶¶ 75, 80, 87, 91, 98, 102, 105, 115.  Where plaintiffs invoked both the NYLL and the FLSA, they could not recover under each statute for the injuries alleged, even if Azoulay's conduct violated both laws.  *See, e.g.,* Findings of Fact & Conclusions of Law 40, ECF No. 219.  The decision to award damages under the NYLL, therefore, does not reflect a lower degree of success.

Second, Azoulay claims that plaintiffs' counsel's practice of bringing law students to court "raises questions about the necessity and reasonableness of the fees being requested."  Def.'s Obj. 2, ECF No. 226; Def.'s Reply 4, ECF No. 232 (same).  However, the plaintiffs are not asking for reimbursement for the students' time.  And their attorneys have significantly discounted their fee request to account for time spent with students.  Loffredo Decl ¶ 3, ECF No. 222-1.  Attorney Stephen Loffredo of Main Street Legal Services, Inc.

3

("MSLS") seeks compensation only for work during the trial phase of this decade-plus-long litigation. He has discounted his trial hours by 75% to eliminate any potential duplication of co-counsel's hours and to ensure that any hours attributable to student education are excluded. Moreover, he seeks no fees for two additional MSLS attorneys who worked on the matter. Loffredo Decl ¶ 6, ECF No. 222-1. Judge Kuo found that this was reasonable, R&R at 5, and I agree.

Third, Azoulay attempts to revive his claim that the judge previously assigned somehow conspired with his former counsel and plaintiff's counsel throughout litigation. He argues that Judge Kuo did not consider this "conflict of interest." Def.'s Obj. 2, ECF No. 226. She did not need to, however, as those allegations were addressed and rejected years ago. *See* July 1, 2019 Order. The Second Circuit affirmed that rejection when Azoulay raised these issues on appeal. *See Alonso Vazquez v. Azoulay*, 834 Fed. App'x. 653, 655 (2d Cir. 2021).

Azoulay's objections lack merit. Accordingly, the R&R is adopted in its entirety.

Separately, to the extent that Azoulay's letters seek reconsideration of this Court's Findings of Fact and Conclusions

4

of Law, those requests are also denied.[4]  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Azoulay has pointed to no such authority or data.  And in any event, "[i]t is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'. . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

## II.  Conclusion

For the reasons set forth above and in Kuo's R&R, the R&R is adopted in its entirety.  Reconsideration of the Findings of Fact and Conclusions of Law is also denied.  The plaintiffs' motion for fees and costs is granted, and defendant is ordered to pay $61,109.03 in attorneys' fees and costs to plaintiffs.

SO ORDERED.

---

[4] *See* ECF Nos. 220, 223, 226, 227, 229, 232, 233, 235, 236, 238, and 239.

```
                                   /s/ Eric Komitee
                                 ERIC KOMITEE
                                 United States District Judge


Dated:    October 7, 2024
          Brooklyn, New York
```